IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRANDEIS UNIVERSITY
and GFA BRANDS, INC.,

OPINION AND ORDER

Plaintiffs,

11-cv-619-bbc

v.

EAST SIDE OVENS, INC., KEEBLER CO.,
FAMOUS AMOS CHOCOLATE CHIP COOKIE COMPANY, LLC,
MURRAY BISCUIT CO. LLC, VOORMAN COOKIES LTD.,
BREMNER FOOD GROUP, INC., COOKIE SPECIALTIES, INC.,
TOPCO ASSOCIATES LLC, THE PILLSBURY COMPANY, LLC,
UNILEVER UNITED STATES, INC., CONOPCO, INC.
and NESTLÉ USA, INC.,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Brandeis University alleges that it owns United States Patents Nos.

5,843,497 and 6,630,192, both of which are titled "Increasing the HDL Level in the

HDL/LDL Ratio in Human Serum by Balancing Saturated and Polyunsaturated Dietary

Fatty Acids."  Plaintiff GFA Brands, Inc. alleges that it is the exclusive licensee of both

patents.  Plaintiffs contend that each of the defendants infringed one or both patents by

making, using, selling or importing various products such as cookies, cookie dough and

1

spreads.

Various defendants have filed motions to dismiss, transfer or sever the case.  In their motions to dismiss, defendants argue that plaintiffs have failed to provide adequate notice of their claims, as required by Fed. R. Civ. P. 8.  Because plaintiffs have filed an amended complaint, I am denying those motions as moot.  Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999).  (Many of the defendants recently filed renewed motions to dismiss, dkt. ##162-65 and 167-71, but the parties are still briefing those motions.)

The motions to sever and transfer require more discussion, but not much more.  With respect to the motions to sever, some defendants argue that their joinder violates Fed. R. Civ. P. 20.  They ask the court to sever the claims with respect to the following groups of related defendants: (a) Keebler Co., Famous Amos Chocolate Chip Cookie Company, LLC and Murray Biscuit Co. LLC; (b) Unilever United States, Inc. and Conopco, Inc.; (c) Bremner Food Group, Inc. and Topco Associates LLC; (d) Pillsbury Company, LLC; and (e) Nestlé USA, Inc.  Defendants East Side Ovens, Inc., Voortman Cookies Ltd. and Cookie Specialties, Inc. do not object to trying their claims in the same case.

Under Rule 20, a plaintiff may join multiple defendants in the same case if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the

action.

Fed. R. Civ. P. 20(a)(2). Most of the parties agree that there are common questions of law and fact; the question is whether plaintiffs' claims against the different defendants arise out of the same transaction, occurrence or series of transactions occurrences.

As an initial matter, I disagree with plaintiffs that defendants have the burden to prove that joinder was improper. Although the parties do not cite any cases from the Court of Appeals for the Seventh Circuit that address this issue directly, the court has assumed that the burden lies with the plaintiff. Turley v. Gaetz, 625 F.3d 1005, 1011 (7th Cir. 2010) ("[A] prisoner's complaint that fails to satisfy Rule 20 should be rejected just as a free person's complaint would, and, here, *the plaintiff had made no effort to show how his joinder of claims satisfied Rule 20*.") (Emphasis added.). Further, this court has held that "[p]laintiffs cannot satisfy Rule 20 simply by alleging that each defendant engaged in acts of infringement." Naschem Co., Ltd. v. Blackswamp Trading Co., 2009 WL 1307865, at *2 (W.D. Wis. 2009). Defendants cite a legion of cases in which other courts reached the same conclusion. Dfts.' Br., dkt. #93, at 5. Plaintiffs cite no cases to the contrary.

Plaintiffs identify two grounds for finding that their claims satisfy Rule 20(a)(2), but neither is persuasive. First, plaintiffs say that they "will be proving infringement using the same laboratory tests and test source (Covance) for each product," Plts.' Br., dkt. #110, at 29, but they do not explain why that matters. The question is whether plaintiffs' claims

3

against defendants "arise out of" the same transactions or occurrence. The test used to prove infringement is an arbitrary choice by *plaintiffs* that has nothing to with whether defendants' products infringe the asserted claims, so it is difficult to see how the claims could "arise out of" that test.

Second, plaintiffs point to an allegation in their complaint that "Multiple Defendants buy [infringing] ingredients" from "common suppliers." Am. Cpt. ¶ 29, dkt. #155. (In their brief, plaintiffs refer to the ingredients as "fat blends.") It is not clear why a common supplier would have any effect on the proceedings in this case or increase the efficiency of trying the claims against different defendants together, particularly because plaintiffs have not sued any suppliers. Even if I assume that a common supplier might be sufficient to satisfy Rule 20 under some circumstances, plaintiffs do not allege that the sole or even primary infringing act by defendants is the purchase of an ingredient from a single supplier. In fact, the only evidence adduced thus far regarding the suppliers shows that defendant Nestlé uses a supplier different from the one used by defendants Keebler, Famous Amos and Murray Biscuit. Compare Besman Decl. ¶ 10, dkt. #110 (Ventura Foods, LLC), with Kepplinger Decl. ¶ 6, dkt. #91 (Bunge Foods Corp.). Thus, plaintiffs have failed to show that the parties share a common supplier.

Because plaintiffs have failed to show that they have met the requirements of Rule 20(a)(2), I am granting the motions to sever.

This leaves the various motions to transfer many of the severed claims under 28 U.S.C. § 1404. Defendants have the burden of establishing that the transferee forum is clearly more convenient and that transfer would serve the interest of justice. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986).

Defendants seek to move their claims to various parts of the country: Unilever and Conopco to New Jersey; defendant Nestlé to Ohio; defendants Keebler, Famous Amos and Murray Biscuit to Michigan; and defendant Pillsbury to Minnesota.  Defendants rely primarily on the location of their headquarters in those states and the absence of  any significant contacts that plaintiffs have with Wisconsin.

In many cases, these factors might be enough to justify a transfer under § 1404, but defendants have failed to show that any increase to their convenience outweighs the obvious inefficiency of requiring five different judges to decide six related cases.  (Defendants Bremner and Topco Associates seek to sever their claims, but not to transfer them.)   In Research Automation, Inc. v. Schrader-Bridgeport International, Inc., 626 F.3d 973, 978 (7th Cir. 2010), the court held that "[t]he interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result."  In this case, defendants do not deny that the two asserted patents  disclose similar inventions and that the cases may raise the same questions regarding claim construction or invalidity.  In Rembrandt Data Storage, LP v. Western

5

<u>Digital Corporation</u>, 10-cv-694-bbc, slip op. at 6-7 (Mar. 2, 2011), I denied a motion to transfer one of two related cases for this reason, even though the parties had little connection to Wisconsin:

> Concern for judicial efficiency is the determining factor in this case. Even if the . . . claims in the suits are not identical, undoubtedly there will be claim terms from the two patents that will require construction in both cases. Keeping this case here will promote efficiency and avoid inconsistent claim constructions. <u>Kraft Foods Holdings, Inc. v. Procter & Gamble Co.</u>, 2008 WL 45559703 (W. D. Wis. Jan. 24, 2008). Given the amount of time required for one judge to become familiar with the kinds of patents at issue in these two cases, construe the claims in dispute, analyze the patents and the parties' claims at summary judgment and ultimately try the case, it makes no sense to require two judges to go through the same exercise. The judiciary cannot afford such duplicative efforts, particularly at a time when 12% of all federal judgeships are vacant and so many other litigants are waiting to have their cases heard.

If it makes no sense to require two judges to go through the same exercise, then adding three more judges to the mix cannot make defendants' request more reasonable. Accordingly, I am denying defendants' motions to send these cases to various districts across the country.

Although it makes sense for one judge to try these cases, the parties' filings have shown that there is little reason to keep the cases in the Western District of Wisconsin. None of the parties are located in this district and it seems that the only relevant connection this district has with the cases is one that likely is shared with every other district in the country, which is that allegedly infringing products were sold here.

Plaintiffs acknowledge that the primary reason they chose to file the case in this court was speed. However, in light of the congestion of this court's calendar, there is no guarantee that the parties will receive the February 2012 trial date identified in the preliminary pretrial conference order. Currently, three other civil trials are scheduled for the same date as this case. Particularly now that the case will be split into five parts, it would be difficult to find new trial dates on an already crowded calendar.

Judge Richard Posner has offered to take over the pretrial and trial work in each of these cases, with the one condition that any trials take place in Chicago. Transfer to Chicago will not extend the time required to resolve the cases. In fact, given my docket and the many other patent cases awaiting resolution, it is likely that the cases will be resolved much more expeditiously in Chicago. In addition, Chicago is likely to be a more convenient location for most of the parties, if not all of them.

Although the grounds for transfer are strong and I see no reason to keep the cases in this district, I will give the parties an opportunity to raise any serious objections they have before I transfer the case to the Northern District of Illinois.

ORDER

IT IS ORDERED that

1. The motions to dismiss filed by defendants: (a) Keebler Co., Famous Amos

7

Chocolate Chip Cookie Company, LLC and Murray Biscuit Co. LLC, dkt. ##87, 89 and 98;

(b) Pillsbury Company, LLC, dkt. #74;  (c) Cookie Specialties, Inc., dkt. #95; and (d)

Nestlé USA, Inc., dkt. #83, are DENIED as moot.

    2.   The motions to sever filed by defendants: (a) Keebler Co., Famous Amos

Chocolate Chip Cookie Company, LLC and Murray Biscuit Co. LLC, dkt. ##87, 89 and 98;

(b) Unilever United States, Inc. and Conopco, Inc., dkt. #81; (c) Bremner Food Group, Inc.

and Topco Associates LLC, dkt. #82; (d) Pillsbury Company, LLC, dkt. #74; and (e) Nestlé

USA, Inc, dkt. #83, are GRANTED.

    3.  The clerk of court is directed to open the following cases:

(a)    Case No. 12-cv-107-bbc, which includes plaintiffs Brandeis University and GFA Brands, Inc. and defendants Keebler Co., Famous Amos Chocolate Chip Cookie Company, LLC and Murray Biscuit Co. LLC;

(b)    Case No. 12-cv-108-bbc, which includes plaintiffs Brandeis University and GFA Brands, Inc. and defendants Unilever United States, Inc. and Conopco, Inc.;

(c)    Case No. 12-cv-109-bbc, which includes plaintiffs Brandeis University and GFA Brands, Inc. and defendants Bremner Food Group, Inc. and Topco Associates LLC;

(d)    Case No. 12-cv-110-bbc, which includes plaintiffs Brandeis University and GFA Brands, Inc. and defendant Pillsbury Company, LLC; and

(e)    Case No. 12-cv-111-bbc, which includes plaintiffs Brandeis University and GFA Brands, Inc. and Nestlé USA, Inc.

    4.  Case No. 11-cv-619-bbc will proceed with plaintiffs Brandeis University and GFA

Brands, Inc. and defendants East Side Ovens, Inc., Voortman Cookies Ltd. and Cookie Specialties, Inc..

5.  The motions to transfer filed by (a) Keebler Co., Famous Amos Chocolate Chip Cookie Company, LLC and Murray Biscuit Co. LLC, dkt. ##87, 89 and 98; (b) Unilever United States, Inc. and Conopco, Inc., dkt. #81; (c) Pillsbury Company, LLC, dkt. #74; and (d) Nestlé USA, Inc, dkt. #83, are DENIED.

5.  The parties may have until February 22, 2012, to raise any objections showing that this case may not be transferred to the Northern District of Illinois.  If the parties fail to respond by that date, I will transfer the case.

Entered this 15th day of February, 2012.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge

9